1  NOEL M. COOK – CBN 122777
   ncook@owe.com
2  Kathleen E. Letourneau – CBN 244747
   kel@owe.com
3  OWEN, WICKERSHAM & ERICKSON, P.C.
4  455 Market Street, Suite 1910
   San Francisco, CA 94105
5  Tel.:   (415) 882-3200
   Fax:    415-882-3232
6
7  BARBARA A. SOLOMON (*pro hac vice* to be filed)
   bsolomon@fzlz.com
8  EMILY WEISS (*pro hac vice* to be filed)
   eweiss@fzlz.com
9  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   866 United Nations Plaza
10 New York, New York 10017
   Tel:   (212) 813-5900
11 Fax:   (212) 813-5901
12
13 *Attorneys for Plaintiff CHANEL, INC.*

14              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
15

16 | CHANEL, INC., a New York corporation, | Case No. _____ |
17 |              Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
18 |              v. | |
19 | | **(1) Federal Trademark Infringement, Counterfeiting, False Designation of Origin and Unfair Competition, False Advertising, and Trademark Dilution;** |
20 | TERESA CHARLES a/k/a TERESA PORTER, an individual, d/b/a SUITE888 and as CROQUIS DÉCOR and DOES 1-10, | |
21 | | |
22 |              Defendants. | |
23 | | **(2) Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.; and** |
24 | | |
25 | | **(3) Trademark Dilution Under Cal. Bus. & Prof. Code § 14330 et seq.** |
26 | | |
27

28

{F1855506.1 }

Plaintiff, Chanel, Inc. ("Chanel"), by its undersigned attorneys, Owen, Wickersham & Erickson, P.C. and Fross Zelnick Lehrman & Zissu, P.C., for its Complaint against Defendants Teresa Charles a/k/a Teresa Porter, d/b/a Suite888 and d/b/a Croquis Décor ("Charles") and Does 1-10 (the "Doe Defendants and collectively with Charles, the "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.  Chanel is an iconic fashion company whose products are sought the world over. In a blatant attempt to ride on Chanel's coattails, Defendants have usurped Chanel's world famous and federally-registered marks, including the CC Monogram trademark (further described and defined herein) and the CHANEL mark and are using them to sell a broad range of home accessories ranging from candles to towels, rugs to lamps, pillows to throws, and decorative accessories. The reason is obvious—Defendants seek to commercially benefit from the fame of Chanel's trademarks and to exploit consumer desire for goods branded with Chanel's iconic marks.

2.  In order to protect its rights in its trademarks, Chanel brings this action for trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); counterfeiting under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); unfair competition in violation of California State law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and dilution in violation of California State law, Cal. Bus. & Prof. Code § 14330, *et seq.* Chanel seeks permanent injunctive relief, an accounting of Defendants' profits flowing from their misuse of Chanel's trademarks, damages, attorneys' fees, and such other relief as the Court deems just and proper.

[F1855506.1 ]

2

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

4.     Venue over Defendants is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b), (c) because Defendants reside in this district or otherwise are subject to personal jurisdiction in this district due to their transacting of business herein, and a substantial part of the events giving rise to the claims occurred in this district.

5.     This Court has personal jurisdiction over the Defendants because Defendants reside in or do business in this district, the events giving rise to the Complaint occurred in this district, and jurisdiction is not inconsistent with the Constitution of California or the United States.  Cal. Code Civ. Proc. § 410.10.

**PARTIES**

6.     Plaintiff Chanel, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.

7.     Upon information and belief, Defendant Teresa Charles a/k/a Teresa Porter is an individual who resides or otherwise does business at 1400 Carpentier Street, Apartment 101, San Leandro, California.  Teresa Charles, doing business under the names Suite888 and Croquis Décor, is directly engaged in the sale of infringing products bearing Chanel's trademarks.

8.     Upon information and belief, Does 1 through 10 are individuals or entities residing in or otherwise continuously and systematically conducting and transacting business in this district

{F1855506.1 }

3

1    and are engaged in the activities complained of herein, including directly and personally

2    contributing, inducing, and engaging in the sale of infringing products as alleged herein as

3    partners, suppliers, distributors or selling platforms for the named Defendant. Upon learning of

4    the specific identity of said Defendants, Plaintiff shall move to substitute the named parties or to

5    otherwise amend this Complaint.

6                          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7    A.    Chanel's Business and Use of its Famous Marks

8            9.    Chanel is a premier manufacturer and seller of a wide variety of luxury consumer

9

10   products and is a recognized leader in the field of fashion and beauty.

11          10.    Among the trademarks long used by Chanel to identify its goods are the CHANEL

12   mark and a design mark consisting of two interlocking back-to-back letter "C"s as follows:

13

14

15               

16                                          or

17   (the "CC Monogram mark").

18          11.    Chanel has used both the CC Monogram and CHANEL mark (collectively the

19   "Chanel Marks") continuously for more than eight decades in United States commerce.

20
            12.    The Chanel Marks are reproduced on hundreds of millions of dollars' worth of
21
     consumer goods each year. These products span the full range of Chanel's product line, including
22
     clothing, shoes, handbags, wallets, jewelry, fashion accessories, beauty products, and eyewear.
23

24          13.    The CC Monogram has been highlighted on Chanel's products making the mark

25   the central focus of much of Chanel's goods. As a result of the popularity of the CC Monogram,

26   Chanel has expanded its use to items seen in its runway shows such as megaphones and jerrycans

27   as well as in connection with limited-edition items including sports merchandise (such as bocce

28

{F1855506.1 }

4

ball sets, wicker Pétanque sets, tennis racquets, tennis balls, dumbbells, footballs, basketballs, surfboards), guitars, temporary tattoos, phone cases, cell phone charms, and earphones.  For the home, the CC Monogram mark has appeared on beach towels, pillows, yoga mats, and throw blankets, to name just a few.

14.     Similarly extensive has been the use of the CHANEL mark.  In addition to its use on the full range of Chanel's product line and advertising, the mark has been used on taxis as part of a Chanel runway show, basketballs, surfboards, a cable car in San Francisco and even a vending machine.

15.     Chanel also has taken some its most iconic products and reinterpreted them for different purposes.  For example, Chanel reinterpreted its classic No. 5 perfume bottle featuring the Chanel Marks into a plexiglass clutch bag.

16.     Further, both of the Chanel Marks have been featured in exhibitions including a traveling exhibit celebrating the 50th anniversary of Chanel's handbags, an exhibition of clothing in the Costume Gallery of New York's Metropolitan Museum, and a retrospective exhibit on the Chanel black jacket (and associated book).

17.     All of the above has resulted in broadening the exposure of the Chanel Marks, extending awareness of the marks, and creating associations between the marks and a wide range of goods.  Indeed, as a result of the broad range of goods on which the Chanel Marks have appeared, consumers have come to expect the unexpected from Chanel and to associate Chanel with any goods on which its iconic marks are placed.

18.     Products bearing, provided or sold under the Chanel Marks are available throughout the United States in department stores, through authorized retailers on the Internet, and through Chanel's own website and stand-alone boutiques.  Chanel's goods are sold in more than 150 points of sale in California alone.

{F1855506.1 }

5

19.     Chanel's yearly sales of products bearing or sold under the Chanel Marks in the United States total in the hundreds of millions of dollars.  All products bearing the Chanel Marks are renowned for their high quality and are identified and recognized as being exclusively from Chanel by virtue of their use of either or both of the marks.  Indeed, Chanel consistently appears year after year in the *Women's Wear Daily* list of the 100 best known brands in the fashion industry.

20.     In addition to appearing on Chanel's products, the Chanel Marks are used on collateral material such as packaging, hangers, labels and hangtags.  The Chanel Marks also are featured prominently in national print and television advertising seen regularly by hundreds of millions of people and are promoted on Chanel's website and the websites of third parties.  As a result, the Chanel Marks have become among the most recognized and popular marks in the U.S. and products bearing the Chanel Marks are highly coveted and in demand by consumers of all ages and from all demographics.

21.     The recognition of the Chanel Marks among the public at large is enhanced not only by Chanel's own advertising efforts but also by fashion editorial and press coverage of Chanel that frequently highlights products bearing or sold under the Chanel Marks.  Such unsolicited press coverage reaches hundreds of millions of consumers.

22.     Chanel owns in excess of 20 federal trademark registrations for the CC Monogram mark or marks that incorporate the CC Monogram mark of which 16 are incontestable, and in excess of 30 federal trademark registrations for the CHANEL mark of which 26 are incontestable.  Chanel's registrations are valid, subsisting and in full force and effect and constitute prima facie evidence of the validity of the mark shown and of Chanel's exclusive right to use the mark on the goods identified in the registrations, pursuant to §7(b) of the Lanham Act, 15 U.S.C. § 1057(b).  In addition, the incontestable registrations serve as conclusive evidence of Chanel's ownership of the

{F1855506.1 }

6

mark shown in the registration and of Chanel's exclusive rights to use the registered mark in commerce on or in connection with the goods identified in the registration pursuant to 15 U.S.C. §1115(b). Chanel's registrations, which date back to 1925 for both the CC Monogram mark (U.S. Reg. 0195359) and for the CHANEL mark (U.S. Reg. 195,360) further serve to put Defendants on constructive notice of Chanel's rights in these marks as a matter of law.

23.     Among the dozens of registrations that Chanel owns for the Chanel Marks, are the following registrations for goods which are outside of Chanel's core fragrance, beauty, accessory and apparel items and which reflect the broad scope and extent of use of the Chanel Marks:

| Mark | Reg. No. | Date of Registration | Goods/Services |
|---|---|---|---|
| CC | 4,505,440 | 4/1/2014 | Cellular phone accessory charms |
| CC | 4,237,494 | 11/6/2012 | Towels |
| CC | 4,074,269 | 12/20/2011 | Protective covers for portable electronic devices, temporary tattoos |
| * CC | 1,501,898 | 8/30/1988 | Keychains; gift wrap |
| CHANEL | 4,505,430 | 4/1/2014 | Cellular phone accessory charms |
| CHANEL | 4,237,249 | 11/6/2012 | Protective covers and cases for portable video players, portable electronic devices, personal computers, cell phones |
| CHANEL | 4,491,479 | 3/4/2014 | Wine |
| CHANEL | 3,890,159 | 12/14/2010 | Cases for telephones; temporary tattoos; key cases |
| *CHANEL | 1,647,875 | 6/18/1991 | Key chains |

| Mark | Reg. No. | Date of Registration | Goods/Services |
|------|----------|----------------------|----------------|
| CHANEL | 1,037,892 | 4/13/1976 | Towels |

24.     Printouts from the United States Patent and Trademark Office's online database reflecting the registrations identified above as well as some of the earliest registrations for the Chanel Marks are attached as **Exhibit A**.  Those registrations marked with an asterisk are incontestable

25.     By virtue of Chanel's exclusive and extensive use of the Chanel Marks, each has acquired enormous value and each has become famous among the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of products available under or bearing the marks.  Courts and other tribunals have repeatedly recognized the fame of the Chanel Marks.

B.     Defendants' Unlawful Conduct

26.     On information and belief, Defendant Charles is an individual who owns the business known as Suite 888 located at 1400 Carpentier Street, Apartment 101, San Leandro, California.

27.     On information and belief, Defendant Charles conducts her business online and maintains an Internet presence at *suite888.myshopify.com*, on Instagram (profile name Suite888) and Pinterest (under the Croquis Home Décor or Croquisdecor name).  Defendant Charles also does business through her email addresses *croquisdecor@gmail.com* and *petrovhomedecor@yahoo.com*.

28.     Defendant Charles advertises that she sells luxury home accessories.  A review of the items she offers for sale show that the majority include exact copies of the Chanel Marks.  Among the goods offered for sale by Defendant Charles that feature the Chanel Marks are lamps, decorative perfume bottles, trays, towels, robes, bedding, candles, pillow covers, rugs, decorative

{F1855506.1 }

boxes, chairs and stools. Printouts from Defendant Charles' social media pages showing her products are attached as **Exhibit B**.

29. The products offered by Defendant Charles are designed by and sold through the Doe Defendants.

30. On information and belief, Defendants are using the Chanel Marks because of their iconic status, with knowledge of their association with Chanel, and in order to create an association with Chanel.

31. The only visible designations of source on the products shown in **Exhibit B** are the Chanel Marks. In addition to using the Chanel Marks, Defendants' decorative perfume flask copies Chanel's recognized and registered Chanel No. 5 bottle design, Chanel's recognized and registered bottle stopper, and Chanel's recognized and registered No. 5 trademark. *See* **Exhibit C**.

32. Given Chanel's long history of using its marks and indicia on a wide range of products, Defendants' goods are intended to falsely suggest that they come from Chanel.

33. Some of the goods being offered for sale by Defendants are identical to those provided by Chanel and for which Chanel has federal trademark registrations including towels. Further, Defendants' repurposing of Chanel's perfume bottles to create decorative items is similar to Chanel's own reinterpretation of its perfume bottles to create handbags. The other products being offered for sale by Defendants bearing the Chanel Marks are related to products that Chanel either has sold or on which the Chanel Marks have appeared so as to cause consumers to falsely believe that the goods come from Chanel.

34. On information and belief, Defendants are targeting consumers who are familiar with the Chanel Marks as the primary value of Defendants' goods comes from the use of the Chanel Marks.

{F1855506.1 }

9

35.     Defendants also are falsely advertising their goods as being Chanel products.  On the Croquis Home Décor Pinterest page, Defendants refer to their lamps featuring the CC Monogram as "Chanel Designer Home Décor."  *See* **Exhibit D**.

36.     Defendants are not associated or affiliated with Chanel and have never been authorized or otherwise licensed to use the Chanel Marks or any confusingly similar variation thereof in connection with the sale or offering for sale of any goods.

37.     On information and belief, Defendants' use of the Chanel Marks is with full knowledge of Chanel's exclusive rights to the Chanel Marks, and with the full and knowing intent of trading on Chanel's rights in the Chanel Marks.

38.     On April 28, 2015, Chanel sent Defendant Charles a cease-and-desist letter demanding that Charles immediately cease the sale of any merchandise bearing the Chanel Marks.  Charles failed to respond to that letter or to any of the four subsequent letters sent by Chanel in an attempt to resolve this matter.  Of the five letters sent, three were returned to Chanel from the 1400 Carpenter Street, Apartment 101 San Leandro address, by a person using the name Lydia Finch, who stated on the envelopes "No such person at this address."  On information and belief, Lydia Finch is an alias of Defendant Charles.

39.     On information and belief, Defendants intentionally chose to ignore Chanel's rights and to continue to use the Chanel Marks in order to trade on consumer interest in goods bearing the Chanel Marks and to commercially benefit from Chanel's reputation.

40.     On information and belief, Defendants' unauthorized use of the Chanel Marks for a collection of home goods and accessories is with a deliberate intent to ride on the fame and goodwill that Chanel has developed in its marks and with the deliberate intent to create a false impression as to the source or sponsorship of Defendants' goods or to otherwise compete unfairly with Chanel.  The goodwill that Chanel has built up in its brand through years of substantial

{F1855506.1 }

COMPLAINT

investment and effort is put at risk by virtue of Defendants' appropriation of Chanel's trademarks to sell and advertise their own products.

41.     As a result of Defendants' use of the Chanel Marks or confusingly similar variations thereof, Chanel is being irreparably harmed by the existence and sale of Defendants' products.

42.     Defendants' acts are likely to injure Chanel's goodwill and reputation.  The use by Defendants of the Chanel Marks unfairly and unlawfully wrests from Chanel control over its valuable trademark and reputation.  As a result, Chanel's extremely valuable reputation is put in jeopardy and may be permanently damaged.

43.     Defendants' conduct has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Chanel.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

44.     Chanel repeats and realleges each of the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants' unauthorized use of the Chanel Marks as alleged above is likely to confuse, mislead or deceive consumers as to the origin, source, sponsorship or affiliation of Defendants' goods.  Consumers are likely to be misled into believing that Defendants' products are manufactured by, licensed by, sponsored by, approved by or otherwise associated with Chanel.

46.     On information and belief, Defendants were on both actual and constructive notice of Chanel's exclusive rights in the registered Chanel Marks prior to their own use of these very marks.  Defendants' use of the Chanel Marks is willful, in bad faith, and with full knowledge of the goodwill and reputation associated with the Chanel Marks, and with full knowledge that Defendants have no right, license or authority to use the Chanel Marks or any other mark confusingly similar thereto.

{F1855506.1 }

11

47.     On information and belief, Defendants' acts are intended to reap the benefit of the goodwill that Chanel has created in the Chanel Marks and constitutes trademark infringement of Chanel's federally-registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and, unless enjoined by this Court, will continue to both damage Chanel and deceive the public.

49.     Chanel has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF:
### FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114(1))

50.     Chanel repeats and realleges paragraphs 1 through 43 above as if fully set forth herein.

51.     Chanel owns a federal trademark registration for the CC Monogram in connection with towels.

52.     Defendants are offering for sale towels bearing an exact copy of Chanel's CC Monogram.

53.     Defendants' use of a counterfeit of Chanel's CC Monogram is likely to cause confusion or to cause mistake or to deceive.

54.     Defendants' conduct constitutes trademark infringement and counterfeiting of Chanel's federally-registered CC Monogram in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and, unless enjoined by this Court, will continue to both damage Chanel and deceive the public.

{F1855506.1 }

12

56.     Chanel has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A))**

57.     Chanel repeats and realleges paragraphs 1 through 43 above as if fully set forth herein.

58.     Defendants' use of the Chanel Marks and other indicia of Chanel, including the No. 5 mark and bottle design, as alleged above constitutes a false designation of origin and a false representation with respect to the origin of Defendants' goods.  Defendants' use of the Chanel Marks is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and is likely to create the false impression that Defendants are affiliated with Chanel or that their goods are authorized, sponsored, endorsed, licensed by, or affiliated with Chanel.

59.     Defendants' actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

60.     On information and belief, Defendants' conduct is willful and with the intent to reap the benefit of the goodwill of Chanel.

61.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue both to damage Chanel and to deceive the public unless enjoined by this Court.

62.     Chanel has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF:**
**FEDERAL FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))**

63.     Chanel repeats and realleges paragraphs 1 through 43 above as if fully set forth herein.

64.     Defendants' identification of products that it sells as Chanel products, as alleged above, constitutes the use in commerce of a mark in commercial advertising or promotion that

1  misrepresents the nature of Defendants' goods and that further misrepresents the association of

2  Chanel with those goods.

3       65.    Defendants' actions constitute false advertising in violation of Section 43(a)(1)(B)

4  of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

5       66.    On information and belief, Defendants' conduct is willful and with the intent to

6  reap the benefit of the goodwill of Chanel.

7       67.    Defendants' conduct has caused and is causing immediate and irreparable injury to

8

9  Chanel and will continue both to damage Chanel and to deceive the public unless enjoined by this

10  Court.

11       68.    Chanel has no adequate remedy at law.

12  **FIFTH CLAIM FOR RELIEF:**

13  **FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))**

14       69.    Chanel repeats and realleges paragraphs 1 through 43 above as if fully set forth

15  herein.

16       70.    As a result of the registration, extensive use and promotion of the Chanel Marks

17  and the considerable sales of goods bearing such marks over the course of decades, the Chanel

18  Marks have become famous throughout the United States, are highly distinctive of Chanel's

19  goods, and are widely recognized among the consuming public as a designation of source of

20

21  Chanel's goods.  The Chanel Marks became famous long before Defendants commenced their

22  unauthorized use of the very same marks.

23       71.    The Defendants' commercial use of the Chanel Marks in connection with the sale

24  of their own products, namely home accessories and furnishings, dilutes Chanel's famous Chanel

25  Marks by impairing the distinctiveness of the Chanel Marks, lessening the capacity of those marks

26  to identify and distinguish Chanel and its products exclusively, and otherwise whittling away the

27

28  value of the Chanel Marks.  In fact the legislative history of the U.S. dilution law specifically

{F1855506.1 }

14

1    noted that the use of a famous trademark for handbags on unrelated items gives rise to a dilution

2    claim.

3        72.    On information and belief, the foregoing acts were done willfully and deliberately,

4    commencing long after the Chanel Marks became famous and undertaken to benefit from that

5    fame.

6        73.    Defendants' actions constitute dilution in violation of Section 43(c) of the Lanham

7    Act, 15 U.S.C. § 1125(c).

8

9        74.    Defendants' conduct has caused and is causing immediate and irreparable injury to

10   Chanel and will continue to damage Chanel unless enjoined by this Court.

11       75.    Chanel has no adequate remedy at law.

12                            **SIXTH CLAIM FOR RELIEF:**
                     **UNFAIR COMPETITION UNDER CALIFORNIA LAW**
13                     **(CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)**

14       76.    Chanel repeats and realleges paragraphs 1 through 43 above as if fully set forth

15   herein.

16

17       77.    On information and belief, Defendants have used the Chanel Marks with full

18   knowledge of Chanel's prior rights in the Chanel Marks and of the fame and success of Chanel's

19   products sold under and bearing those marks.  Defendants' use of the Chanel Marks is for the

20   willful and calculated purpose of misappropriating and trading on Chanel's goodwill and business

21   reputation.  Furthermore, Defendants have used the Chanel Marks for the willful and calculated

22   purpose of causing confusion and mistake among the public and of deceiving the public as to the

23   nature and origin of Defendants' products in violation of Chanel's rights.

24

25       78.    On information and belief, Defendants were on notice of Chanel's exclusive rights

26   in the Chanel Marks before using those very marks for their own goods.  Defendants' commercial

27

28   {F1855506.1 }

15

exploitation of the Chanel Marks is willful and in bad faith.  By using the Chanel Marks without authorization, Defendants have been unjustly enriched and Chanel has been damaged.

79.     The aforesaid conduct of Defendants constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

80.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and to deceive the public unless enjoined by this Court.

81.     Chanel has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF:**
**DILUTION UNDER CALIFORNIA LAW (CAL. BUS. PROF. § 14330, *et seq*.)**

82.     Chanel repeats and realleges paragraphs 1 through 43 above as if fully set forth herein.

83.     As a result of extensive use and promotion of the Chanel Marks and the goods offered thereunder by Chanel for decades, the Chanel Marks are famous throughout the United States, including in California, are highly distinctive of Chanel's goods, and are widely recognized among the consuming California public as a designation of source of Chanel's goods.  The Chanel Marks became famous in California long before Defendants commenced their unauthorized use of the Chanel Marks as described herein.

84.     On information and belief, Defendants are using the Chanel Marks on their own goods for the purpose of enhancing the value of their goods and to attract purchasers all without Chanel's consent.

85.     Defendants' commercial use of the Chanel Marks in connection with their products is likely to injure Chanel's business reputation or otherwise is likely to dilute the distinctive quality of Chanel's registered CHANEL and CC Monogram marks and to impair the

{F1855506.1 }

16

1   distinctiveness of the Chanel Marks, thereby lessening the capacity of the marks to identify and

2   distinguish Chanel exclusively.

3       86.     On information and belief, the foregoing acts were done willfully and deliberately,

4   and with an intent to reap the benefit of the fame of the Chanel Marks.

5       87.     Defendants' actions dilute the distinctiveness of the Chanel Marks in violation of

6   the California Business and Professional Code § 14330, *et seq*.

7       88.     Defendants' conduct has caused and is causing immediate and irreparable injury to

8   Chanel and will continue to damage Chanel unless enjoined by this Court.

9

10      89.     Chanel has no adequate remedy at law.

11                              *       *       *

12      **WHEREFORE**, Plaintiff Chanel, Inc. respectfully demands judgment jointly and

13  severally against all of the Defendants as follows:

14      1)      That a permanent injunction be issued enjoining Defendants, and any of their

15  officers, agents, representatives, privies, shareholders, principals, directors, licensees, attorneys,

16  servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in

17  concert or participation with any of them, and any entity owned or controlled in whole or in part

18  by any of the Defendants, from:

19

20          (a) Manufacturing or causing to be manufactured, importing, advertising or

21              promoting, distributing, selling or offering to sell any goods bearing the Chanel

22              Marks or any other indicia associated with Chanel;

23

24          (b) using the Chanel Marks, any simulation, reproduction, copy, colorable imitation

25              or confusingly similar variation thereof, or any other indicia associated with

26              Chanel, in or on any product, or otherwise using such a mark or indicia in

27

28

{F1855506.1 }

17

connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production or distribution of any business, product or service;

(c) selling, offering, distributing, disseminating or otherwise providing any product that bears any of the Chanel Marks, any mark that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of the Chanel Marks, or any other indicia associated with Chanel;

(d) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, falsely advertising products as Chanel products, representing in any way that their goods are endorsed by Chanel, and otherwise offering such goods in commerce;

(e) using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendants are associated with Chanel or that any product imported, manufactured, distributed, or sold by Defendants are in any manner associated or connected with Chanel, or is authorized, licensed, sponsored or otherwise approved by Chanel;

(f) engaging in any activity constituting unfair competition with Chanel, constituting an infringement of the Chanel Marks, diluting the Chanel Marks or falsely advertising their goods by reference to Chanel or any marks or indicia of Chanel;

(g) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing any of the Chanel Marks, any mark that is a simulation, reproduction,

[F1855506.1 ]

18

copy, colorable imitation or confusingly similar variation thereof, or any indicia associated with Chanel;

(h) hosting or providing services to any sites that advertise or promote products bearing the Chanel Marks sold by Defendant Charles or any of her businesses, including Suite888 or Croquis Décor;

(i) disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records, including computer records of any kind, including invoices, correspondence, books of accounts, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, promotion, display, purchase, sale, offer for sale or distribution of any merchandise bearing any of the Chanel Marks, any mark that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation thereof, or any indicia associated with Chanel; and

(j) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

2)      Directing that Defendants deliver up to Chanel's attorneys for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in their possession or under their control, incorporating, featuring or bearing any of the Chanel Marks, or other indicia associated with Chanel, and all plates, molds, matrices and other means of making the same.

3)      Directing that Defendants scrub any websites or social media sites through which Charles sold, advertised or provided goods bearing any of the Chanel Marks or other indicia associated with Chanel, and take all other actions as are necessary to ensure that all references to

any products that bear the Chanel Marks or any other indicia associated with Chanel, and all references to the Chanel Marks or any other indicia associated with Chanel, both visible and invisible, are permanently deleted or removed.

4)   Directing that Defendant Charles' selling platform and other social media accounts are disabled until all reference to the Chanel Marks or any other indicia associated with Chanel and all goods bearing the Chanel Marks or any other indicia associated with Chanel are removed and Defendant Charles has provided proof to the Court that she has ceased the sale of all goods bearing any of the Chanel Marks or any other indicia associated with Chanel.

5)   Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, sold or otherwise circulated or promoted by Defendants within the United States is authorized by Chanel or related in any way to Chanel or that Defendants are otherwise affiliated with Chanel.

6)   Directing that Defendants file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

7)   Awarding Chanel such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement, trademark dilution, and unfair competition.

8)   Awarding Chanel all gains, profits, property and advantages derived by Defendants from their unlawful conduct and, pursuant to 15 U.S.C. § 1117, awarding Chanel an amount up to three times the amount of actual damages sustained as a result of Defendants' violation of the Lanham Act.

9)   Awarding to Chanel statutory damages of $2,000,000 for Defendant Charles' willful use of a counterfeit of Chanel's CC Monogram mark pursuant to 15 U.S.C. § 1117(c).

{F1855506.1 }

20

1    10)    Awarding to Chanel exemplary and punitive damages to deter any further willful

2    infringement as the Court finds appropriate.

3    11)    Awarding to Chanel its costs and disbursements incurred in this action, including

4    reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

5    12)    Awarding to Chanel interest, including pre-judgment interest on the foregoing

6    sums.

7    13)    Awarding to Chanel such other and further relief as the Court may deem just and

8    proper.

9

10   Dated:  January 18, 2016,                    OWEN, WICKERSHAM & ERICKSON, P.C.

11

12                                                By:
                                                      Noel M. Cook

13                                                    Kathleen E. Letourneau
                                                     455 Market Street

14                                                   Suite 1910
                                                     San Francisco, CA 94105

15                                                   Tel.:(415) 882-3200
                                                     Fax:415-882-3232

16                                                   ncook@owe.com

17                                                   kel@owe.com

18

19                                                   - and -

20                                                   Barbara A. Solomon  (*pro hac vice to be filed*)
                                                     Emily Weiss (*pro hac vice to be filed*)

21                                                   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                                     866 United Nations Plaza

22                                                   New York, NY  10017
                                                     Tel: (212) 813-5900

23                                                   bsolomon@fzlz.com
                                                     eweiss@fzlz.com

24

25                                                   *Attorneys for Plaintiff Chanel, Inc.*

26

27

28

{F1855506.1 }

21