1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| CHANEL, INC., | Case No. 3:16-cv-00307-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF CHANEL, INC.'S *EX PARTE* APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS** |
| TERESA CHARLES, | |
| Defendant. | Re: ECF No. 11 |

## INTRODUCTION

The plaintiff Chanel, Inc. sued the defendant Teresa Charles, doing business as Croquis Decor, for trademark infringement. (Complaint, ECF No. 1.[1]) Chanel has tried unsuccessfully to serve Ms. Charles and now asks to serve her by email at croquisdecor@gmail.com. (Application, ECF No. 11.) The court finds the matter suitable for determination without oral argument under Civil Local Rule 7-1(b). The court grants Chanel's application because service to this email address is reasonably calculated to give Ms. Charles notice of the action.

## STATEMENT

On January 19, 2016, Chanel filed the complaint. (Complaint.) The summons issued on

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

ORDER (No. 3:16-cv-00307-LB)

January 21, 2016. (Summons, ECF No. 8.) Before filing the lawsuit, Chanel confirmed Ms. Charles's apparent physical address at 1400 Carpentier St., Apt. 101, San Leandro, CA 94577. (Decl. of Barbara Solomon, ECF No. 11-1, at 2, ¶ 3.) That address was the return address on a box containing an infringing product that Ms. Charles shipped on December 14, 2015. (*Id.* at ¶ 3, Ex. A.) Chanel sent five separate demand letters to Ms. Charles. (*Id.* at 3, ¶ 6.) She ignored all of them. (*Id.*)

Chanel tried unsuccessfully to serve process on Ms. Charles. On four occasions between January 26, 2016 and January 29, 2016, Robert Eastman, a private investigator, attempted to serve Ms. Charles at the Carpentier address. (Decl. of Robert Eastman, ECF No. 11-2.) In each case, he knocked on the door, received no response, and heard no sounds to indicate someone was inside. (*Id.*) He also twice tried the apartment's call box system but received a message that the number for the apartment was no longer in service. (*Id.* at 2, ¶¶ 2, 3.) The apartment manager told Mr. Eastman that the property management company unsuccessfully tried to serve Ms. Charles in connection with a lawsuit for outstanding property association fees. (*Id.* at 2-3, ¶ 4.) Another private investigator called Ms. Charles's cellphone three times during the service attempts, on each occasion receiving no answer. (*Id.* at 2-3, ¶¶ 2, 5-6.)

A maintenance worker informed Mr. Eastman that Ms. Charles "generally is not seen at the apartment more than once every several weeks." (*Id.*) The worker also told Mr. Eastman that Ms. Charles's parking spot was number 64 and that she drives a blue Honda. (*Id.* at 3, ¶ 5.) The car was not there on January 28 during the service attempt. (*Id.*) On January 29, 2016, someone at the complex called Mr. Eastman and said that the car was there. (*Id.* at ¶ 6.) The car was in spot number 64 when he arrived. (*Id.*) He rang the doorbell and no one answered. (*Id.*) The other private investigator called Ms. Charles's cell phone and no one answered. (*Id.*) It appears that Ms. Charles does not reside there on a regular basis and the investigator is not aware of anyone else who lives there. (Id. at ¶ 7.)

Ms. Charles monitors and maintains the email address croquisdecor@gmail.com. (Solomon Decl. at 3, ¶ 10.) She lists it as her contact email on her selling platform atShopify.com. (*Id.*) "Emails were sent to this address on January 26, 2016. The emails were opened, read and

United States District Court
Northern District of California

1   responded to." (*Id.*)

2   On February 5, 2016, Chanel filed this *ex parte* application seeking authorization to serve Ms.

3   Charles at the email address croquisdecor@gmail.com.

### ANALYSIS

5   Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant

6   under any method permitted by the law of the state in which the district court is located or in

7   which service is affected. California law allows for five basic methods of service: 1) personal

8   delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; 2) delivery to someone else at the party's

9   usual residence or place of business with mailing after (known as "substitute service"), *see id.* §

10  415.20; 3) service by mail with acknowledgment of receipt, *see id.* § 415.30; 4) service on persons

11  outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40;

12  and 5) service by publication, *see id.* § 415.50. Here, the plaintiff tried to serve Ms. Charles

13  several times. The issue now is whether substitute service by email is appropriate.

14  California Code of Civil § 413.30 provides that a court "may direct that summons be served in

15  a manner which is reasonably calculated to give actual notice to the party served." To comport

16  with due process, the method of service must be "reasonably calculated, under all the

17  circumstances, to apprise interested parties of the pendency of the action and afford them an

18  opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007,

19  1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314

20  (1950)).

21  Courts have authorized service of process by email on domestic litigants in similar cases. For

22  example, in *Facebook, Inc. v. Banana Ads, LLC*, the court authorized service by email on

23  domestic defendants. 2102 WL 1038752, *3 (N.D. Cal. March 27, 2012). The defendants were

24  engaged in online-based businesses and "rel[ied] on email as a means of communication." *Id.*

25  Facebook unsuccessfully attempted to "locate and contact [the defendants] by postal mail and

26  telephone." *Id.* Under these circumstances, email service was "the best method for providing

27  actual notice to [the defendants]." *Id.*

28  In *Balsam v. Aneles Technology, Inc.*, the court similarly authorized service by email. 2007

*United States District Court*
*Northern District of California*

WL 2070297, *4 (N.D. Cal. July 17, 2007). In that case, the plaintiff unsuccessfully "attempted to serve [the defendants] through traditional methods." *Id.* at 3. As a result, the plaintiff sought to serve the defendants through email addresses that the defendants "provided to the domain name registrar and to . . . individuals who sign[ed] up for the [defendants'] website's services." *Id.* The defendants "should . . . expect to be contacted" at these addresses and therefore email service was reasonably calculated to give actual notice. *Id.*

As in *Facebook* and *Balsam*, service by email is reasonably calculated to give actual notice to Ms. Charles. Ms. Charles provides croquisdecor@gmail.com on her Shopify.com selling platform and should expect to be contacted through this email address. Moreover, emails sent to the address were opened, read, and responded to. This indicates that the email address is functional and that someone, presumably Ms. Charles as the owner of Croquis Decor, reads and responds to emails sent to this address.

Chanel's prior attempts to serve Ms. Charles also demonstrate that service by more traditional means is unlikely to be effective. Chanel attempted personal service through a private investigator that Ms. Charles used as her return shipping address as early as December 2010. It sent her letters that she apparently ignored. It tried calling her on her cell phone during service and she did not answer (even on the occasion that her car was in her parking spot.) (Eastman Decl. at 3, ¶ 6.) Moreover, it does not appear that Ms. Charles is at the business address regularly. Given Ms. Charles's use of her email croquisdecor@gmail.com, the court concludes that service by email to this address is both reasonably calculated to give actual notice and "the method of service most likely to reach [Ms. Charles]." *See Rio Properties, Inc.,* 284 F.3d at 1017.

## CONCLUSION

The court grants Chanel's application for alternative service of process by email. Chanel may use the email address croquisdecor@gmail.com to serve process on Ms. Charles.

**IT IS SO ORDERED.**

Dated: February 19, 2016

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:16-cv-00307-LB)                    4

United States District Court
Northern District of California